UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | CASE NO.  13-01377-JW |
| | ) | |
| Newberry Atrium Professional Center, LLC, | ) ) | CHAPTER  11 |
| | ) | Adversary Complaint No.: 13-80028-JW |
| Debtor. | ) ) | |
| Newberry Atrium Professional Center, LLC, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| TD Bank, NA, | ) ) | |
| Defendant. | ) ) ) | |

**<u>INTERIM ORDER DENYING DEBTOR'S MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C. § 105(a) AND/OR FOR AN EXTENSION OF THE AUTOMATIC STAY PURSUANT TO SECTION 362(a) OF THE BANKRUPTCY CODE</u>**

This matter is before the Court on the Debtor's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. § 105(a) and/or for an Extension of the Automatic Stay Pursuant to Section 362(a) of the Bankruptcy Code (the "Motion").[1]  Pursuant to the Motion, the Debtor seeks a preliminary order which extends the automatic stay or grants an injunction to protect David H. Jacobs ("Jacobs"), the Debtor's managing member, from the efforts of TD Bank, N.A. ("TD Bank") to collect on Jacobs' guaranty of the Debtor's secured debt.  The Debtor

---

[1] The Court also has under advisement the Debtor's Motion for an Order Authorizing the Debtor to Incur Post-Petition Debt in the main case.  For the reasons detailed herein, the Court does not believe the Debtor has shown it is necessary to incur the requested post-petition debt at this time and will enter a separate order in the main case which continues the Motion to Incur Debt.

1

has also filed a Plan of Reorganization dated March 22, 2013 ("Plan") which purports to grant a release and permanent injunction in favor of Jacobs. The relief requested in the Motion is an extraordinary remedy on which the Debtor bears the burden of proof and the burden of persuasion. The Court has reviewed the arguments of counsel, the evidence submitted, the pleadings, and the applicable case law, including the Fourth Circuit's opinion in <u>A.H. Robbins</u>, and finds the Debtor has not shown the necessary unusual circumstances under the applicable case law to justify the requested relief at this stage in the proceeding. Therefore, the Court denies the Motion at this time without prejudice. In support of the Court's determination, the Court makes the following Findings of Fact and Conclusions of Law:[2]

### FINDINGS OF FACT

1. On March 6, 2013 ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). The Debtor's primary asset is a medical office building which adjoins Newberry Memorial Hospital in Newberry, SC.

2. TD Bank holds a note secured by a mortgage on the Debtor's medical office building and an assignment of rents from the property. The note is a construction loan which was in the principal amount of $7,141,000 and originally entered into between the Debtor and TD Bank's predecessor, Carolina First Bank,[3] on February 20, 2007. In consideration for the note, Jacobs executed an unconditional guaranty dated February 20, 2007

---

[2] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute findings of Fact, they are adopted as such.
[3] The Court is informed by TD Bank that it merged with Carolina First Bank on September 30, 2010.

2

whereby he individually, jointly and severally, absolutely and unconditionally guaranteed the payment of the note and all extensions and renewals thereof.

3. The medical office building was completed in 2008, but the Debtor has been unable to obtain permanent financing to replace TD Bank's construction loan. TD Bank agreed to modify the note and extended the maturity date on eight different occasions in order to give the Debtor additional time to perform as agreed. However, the note ultimately matured in February 2012 and the Debtor has failed to pay the balance the due. As of the petition date, the total due under the note and guaranty is $6,249,283.31.

4. The medical office building is currently 63% occupied, with the tenants being physicians or other medically-related businesses. The current tenants typically have fifteen year lease terms, with twelve years remaining, and have equity participation in the Debtor.

5. Based on the quality of the tenants and the remaining lease terms, it appears the rent income is steady at this time. Nonetheless, due to occupancy levels, the testimony at the hearing indicated the Debtor has traditionally operated at a deficiency, with Jacobs generally providing necessary funding to cover shortfalls for maintenance, cleaning, and taxes, among other expenses. There was some inconsistency in the evidence as to the total amount of Jacobs' prior funding, with his testimony indicating approximately $380,000 had been provided, and the Debtor's pleading setting forth a figure of approximately $330,000.

6. The Debtor filed the chapter 11 petition to protect the building and provide the Debtor with additional time to stabilize rents. The testimony at the hearing indicated that a prior appraisal of the real property valued it at $5.8 million at its current

3

occupancy level and valued it at $6.8 million upon obtaining rent stabilization. There was some indication from Jacobs that rent stabilization is possible within the next three years.

7. Pursuant to its Plan, the Debtor has proposed to pay its unsecured trade debt (which totals approximately $11,000) back in monthly installments over a one year period, plus 5.25% interest, and to re-amortize the TD Bank debt using a twenty five year amortization, five year maturity, and 5.5% interest.

## CONCLUSIONS OF LAW

8. As indicated above, the Court has reviewed the Fourth Circuit's decision in A.H. Robins Co. v. Piccinin (In re A.H. Robins Co.), 788 F.2d 994 (4th Cir. 1986) regarding extensions of the stay and the ability to grant injunctions, as well as the subsequent cases on these issues cited by the parties, including the Fourth Circuit opinions in Credit Alliance Corp. v. Williams, 851 F.2d 119, 121 (4th Cir. 1988), and Winters v. George Mason Bank, 94 F.3d 130, 134 (4th Cir. 1996), the prior decisions of this Court, including In re Tubular Techs., 2006 Bankr. LEXIS 1281 (Bankr. D.S.C. June 16, 2006) and In re Murall, Inc., 118 B.R. 400 (Bankr. D.S.C. 1989), and the prior decision of the District Court in CresCom Bank v. Terry, 2013 U.S. Dist. LEXIS 31486 (D.S.C. Mar. 7, 2013). In A.H. Robbins, the Fourth Circuit held bankruptcy courts have the authority to enjoin suits versus non-debtors, including guarantors, pursuant to an extension of the automatic stay under 11 U.S.C. § 362 and/or an injunction under 11 U.S.C. § 105, if certain "unusual circumstances" were present. However, in Credit Alliance and other subsequent authority from the Fourth Circuit and this Court cited by TD Bank, courts have distinguished A.H. Robbins and declined to issue an injunction or extension of the stay with respect to actions versus non-debtor

guarantors. Nonetheless, the bankruptcy court in In re Brier Creek Corp. Ctr. Assocs. Ltd. P'ship, 2013 Bankr. LEXIS 143 (Bankr. E.D.N.C. Jan. 14, 2013), recently granted a debtor's motion to extend the automatic stay and issue a preliminary injunction against a lender's motion to compel arbitration of state court claims involving non-debtors, finding that the requisite "unusual circumstances" existed under the facts of that case.

9. The issue therefore before the Court is whether unusual circumstances exist to warrant an extension of the automatic stay or preliminary injunction against TD Bank's efforts to collect on Jacob's guaranty. This determination is a fact specific inquiry which is necessarily based on the circumstances of a particular case. Among the factors indicating "unusual circumstances" which were identified by the Fourth Circuit in A.H. Robbins include: (1) there is such identity between the debtor and the third party that the debtor may be said to be the real party defendant and that a judgment against the third party will in effect be a judgment against the debtor; (2) the suit against the third party would threaten or interfere with the debtor's reorganization; (3) whether the third party is necessary to the debtor's reorganization efforts; (4) whether the third party is entitled to indemnity from the debtor which would deplete the debtor's assets; and (5) whether a judgment against the non-debtor would be binding or imputed to the debtor by operation of law. A.H. Robbins, 788 F.2d at 999-1004. In addition, counsel for the Debtor cited authority indicating that the possibility of inconsistent rulings as well as the public interest were additional factors weighing in favor of a stay or injunction.

10. Moreover, with respect to a request for a preliminary injunction, the movant must show: (1) irreparable injury to the movant; (2) that the injunction will not cause

substantial harm to others; (3) that the public interest is best served by issuing the preliminary injunction; and (4) a reasonable likelihood of successful reorganization. Murall, Inc., 118 B.R. at 403.

11. In response to the Motion, TD Bank asserts it has the right under state law and the parties' contract to sue Jacobs independently on his guaranty. In addition, TD Bank has stated that it has not yet sought to foreclose on the medical office building and, therefore, the property is not at imminent risk. Counsel for TD Bank has also represented to the Court that it is unlikely to recover a judgment against Jacobs in the state court proceeding within the next two to three months. Further, TD Bank asserts that, absent the adequate protection payments to TD Bank, the U.S. Trustee fees, and the attorneys' fees necessitated by the Debtor's bankruptcy, the Debtor has sufficient income to fund operations and does not require additional funding from Jacobs.

12. The Court finds that, under the particular facts of this case at this stage of the Debtor's reorganization, the Debtor has not met its burden to show unusual circumstances justifying a stay or injunction are present. The Court agrees with TD Bank that the parties' contracts contemplate a separate and independent guaranty from Jacobs and South Carolina law gives it the ability to sue Jacobs separately on his guaranty. With respect to whether the state court lawsuit threatens the Debtor's reorganization, the testimony at the hearing indicated that Jacobs and the Debtor are just one part of the tenant recruitment process, and the Debtor actually relies on brokers and the hospital itself to recruit physicians. Moreover, the Debtor's recruitment appears to be a longer term effort, as indicated by the

Debtor's Plan. In the interim, TD Bank's suit against Jacobs does not appear to impair the recruitment efforts.

13. Additionally, although the Debtor alleged that Jacobs has a right of indemnification from the Debtor for costs incurred in connection with the state court proceeding, it appears from the evidence submitted that Jacobs has sufficient funds to pay his own defense and would not necessarily need to invoke the alleged indemnification right against the Debtor. Further, importantly, the Debtor's budgets do not indicate a dire need for funding from Jacobs prior to confirmation. The Debtor appears to have sufficient cash and cash collateral to pay ongoing expenses to maintain the property for the benefit of the Debtor and TD Bank. Consequently, the Debtor has not shown the suit against Jacobs threatens the Debtor's reorganization or that the proposed funding from Jacobs is necessary to the Debtor's reorganization efforts at this stage of the proceeding.

14. Moreover, because the loan has matured and the proceedings will not involve a dispute as to an event of default, the Court finds there is little or no risk of inconsistent rulings between this Court and the state court.

15. In sum, the Court finds it is not appropriate at this time to enter an order extending the automatic stay or issuing a preliminary injunction under Section 105. The relief requested in the Motion is extraordinary and the Debtor has not met its burden to justify such relief. Therefore, the Court declines to enjoin or stay TD Bank's state court suit. The Debtor has filed the Plan, which itself contains a requested third party release and injunction and will be considered by the Court at confirmation. Many of the issues raised are more properly considered by the Court at confirmation, rather than the early stage of this proceeding.

16. This denial is without prejudice to any subsequent request by the Debtor seeking to stay or enjoin the TD Bank suit. In the event the state court proceeding gets to the point that judgment against Jacobs is likely to be rendered, Debtor's counsel can notify the Court and have the request to stay or enjoin the suit heard on an expedited basis if necessary. It is the Court's aim to allow the Debtor to proceed to a confirmation hearing, where these issues can be decided along with confirmation of the Debtor's Plan. Consequently, though the Court denies the Motion at this time without prejudice, it will continue the Motion for further consideration at the confirmation hearing, which shall be on May 7, 2013 at 9:00 a.m. or another date as agreed by the parties and scheduled by the Court. Accordingly,

IT IS HEREBY ORDERED THAT the Debtor's Motion is denied at this time without prejudice. The Court will hold a continued hearing on the Motion on May 7, 2013 at 9:00 a.m. or another date as agreed by the parties and scheduled by the Court.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**04/03/2013**



*/s/ John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 04/03/2013